UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                        **ORDER**
                                            **Criminal File No. 3:96-112 (MJD/JMM)**

**LEROY ANDERSON,**

        **Defendant.**

---

## I.  INTRODUCTION

This matter is before the Court on Leroy Anderson's Motion for Modification of Supervised Release Pursuant to Federal Rule of Criminal Procedure 32.1. [Doc. No. 79.] The Government opposes the motion.

## II.  BACKGROUND

On September 18, 1996, Anderson was charged in a superceding indictment with federal narcotics violations. On March 26, 1997, Anderson pled guilty to a one count information charging him with unlawful possession with intent to distribute approximately 65.3 grams of a mixture containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). In the plea agreement, the parties agreed that the offense carried a statutory mandatory minimum sentence of ten years imprisonment and a maximum penalty of life

1

imprisonment. (Plea. Agree. & Sent. Stip. ¶ 4.) In addition, the plea agreement stated the following:

> Supervised Release. There is no agreement as to the term of supervised release. There is a statutory mandatory minimum term of at least 5 years supervised release, and a statutory maximum term of life. . . . The Sentencing Guidelines require a term of 3-5 years.

(Id. ¶ 11G.)

After Anderson pled, the probation office prepared a PSI and determined that Anderson was a career criminal based on his criminal history. Accordingly, probation recommended that Anderson be sentenced to 360 months to life in prison. Anderson filed a motion for a downward departure, arguing that the career offender guidelines overstated his criminal history, and requested that the Court impose a sentence within the 121-151 month range. The Court granted Anderson's motion, and sentenced Anderson to 121 months imprisonment followed by five years supervised release.

On February 17, 1999, the Court denied Anderson's request for leave to file a late petition under 28 U.S.C. § 2255. On July 28, 2001, Anderson filed an application with the Eighth Circuit to file a second or successive § 2255 petition, contending that his sentence violated the Supreme Court's ruling in Apprendi v. New Jersey, 530 U.S. 466 (2000). The Eighth Circuit denied Anderson's application.

**III.   DISCUSSION**

Anderson requests that the Court modify his term of supervised release from five to three years pursuant to Fed. R. Crim. P. 32.1(c) which addresses modification of probation or supervised release. Anderson claims that his plea agreement effectively reduced the level of his felony down to a Class C felony. For the following reasons, the Court denies Anderson's request.

Federal criminal offenses are classified as follows:

> An offense, that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is –
> (1)   life imprisonment . . . as a Class A felony;
> (2)   twenty-five years or more, as a Class B felony;
> (3)   less than twenty-five years, but ten or more years, as a Class C felony.

18 U.S.C. § 3559(a)(1)-(3). The terms of supervised release for federal criminal offenses are governed by 18 U.S.C. § 3583 which provides the following:

> Except as otherwise provided, the authorized terms of supervised release are –
> (1)   for a Class A or Class B felony, not more than five years;
> (2)   for a Class C or Class D felony, not more than three years.

18 U.S.C. § 3583(b)(1)-(2).

Anderson argues that although he was indicted on a "Class 'A or B' felony, [the] plea agreement reduced the level of felony at sentencing to a Class 'C' felony level." (Pet. Mem. Supp. Mot. at 3.)

The maximum penalty for the crime to which Anderson pled was life imprisonment. 21 U.S.C. § 841(a)(1). The crime to which Anderson pled also had

a statutory minimum term of at least five years supervised release. 21 U.S.C. § 841(b)(1). Thus, Anderson pled guilty to, and was sentenced for, a Class A felony with a mandatory supervised release term of at least five years in addition to his term of imprisonment. Nothing in the proceedings or the plea agreement changed his offense to a Class C felony. Moreover, the plea agreement evidences Anderson's understanding of these terms. Accordingly, Anderson's motion is denied.

**IT IS HEREBY ORDERED** that Petitioner Leroy Anderson's Motion for Modification of Supervised Release Pursuant to Federal Rule of Criminal Procedure 32.1[Docket No. 79] is **DENIED**.


Dated:   September 16, 2005          s/ Michael J. Davis
                                     Judge Michael J. Davis
                                     United States District Court